**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.; MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.; DLJ MORTGAGE CAPITAL, INC.; UBS REAL ESTATE SECURITIES INC.; CREDIT SUISSE SECURITIES (USA) LLC; UBS SECURITIES LLC; LEE FARKAS; PAUL R. ALLEN; RAY BOWMAN; DELTON DE'ARMAS; DESIREE E. BROWN; ANDREW A. KIMURA; JEFFREY A. ALTABEF; EVELYN ECHEVARRIA; MICHAEL A. MARRIOTT; THOMAS ZINGALLI; DAVID MARTIN; PER DYRVIK; HUGH CORCORAN; and PETER SLAGOWITZ,<br><br>            Defendants. | Civil Action No. 3:11-30048-MAP |

**MASSMUTUAL'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT WITH RESPECT TO, AND FOR RECONSIDERATION OF THE DISMISSAL OF, DEFENDANTS JEFFREY A. ALTABEF AND PER DYRVIK**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby moves, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to amend its Complaint to include additional allegations clarifying individual Defendants Jeffrey A. Altabef's and Per Dyrvik's control over Defendant Credit Suisse Securities (USA) LLC ("CS Securities") or UBS Securities LLC ("UBS Securities"), the underwriter Defendants in this case. MassMutual also moves for reconsideration of the Court's dismissal of the control person claims against Mr. Altabef and Mr. Dyrvik in light of the new allegations MassMutual is able to assert showing each person's control over an underwriter Defendant.

MassMutual makes this Motion based on the Court's February 14, 2012 Order (the "Order"), which held that MassMutual had stated a claim for primary violations of Section 410(a) of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act") against the underwriter Defendants CS Securities and UBS Securities only. The Court dismissed MassMutual's control person claims under Section 410(b) against the individual Defendants, including Mr. Altabef and Mr. Dyrvik, because it concluded that MassMutual had alleged that the individual Defendants' "control person liability stems from primary violations by the non-underwriter Defendants" instead of the underwriter Defendant. Order at 51.

In light of the Court's Order, MassMutual seeks leave to amend the Complaint for the limited purpose of adding allegations clarifying that Mr. Altabef's and Mr. Dyrvik's control person liability stems from each person's control over an underwriter Defendant that committed primary violations. MassMutual seeks to amend four specific allegations of the Complaint to make clear that Mr. Altabef and Mr. Dyrvik were each a control person of underwriter CS

Securities or UBS Securities, in addition to being a control person of the depositor and of the securitizations at issue. MassMutual's proposed First Amended Complaint including these allegations is attached hereto as Exhibit A.

In particular, MassMutual proposes the following amendments to the Complaint to make Mr. Altabef's and Mr. Dyrvik's control of CS Securities or UBS Securities clear:[1]

**Paragraph 21**

*Current Version:*

Defendant Jeffrey A. Altabef is an individual residing in Chappaqua, New York. Altabef became a Managing Director of Credit Suisse in 2003. He served as Vice President and a Director of CSFB Mortgage. Altabef signed registration statements for two of the four securitizations at issue in this action.

*Proposed Amended Version:*

Defendant Jeffrey A. Altabef is an individual residing in Chappaqua, New York. At all relevant times, Altabef served as a Managing Director of CS Securities. He also served as Vice President and a Director of CSFB Mortgage. Altabef signed registration statements for two of the four securitizations at issue in this action.

**Paragraph 26**

*Current Version:*

Defendant Per Dyrvik is an individual residing in New Canaan, Connecticut.

---

[1] Given the limited nature of the proposed amendments and in the interest of efficiency, MassMutual has included the proposed amendments in the text of this motion rather than attaching a redline comparing the First Amended Complaint to the original Complaint. The clarifying amendments to Paragraphs 21, 26, 123, and 128 are the only changes included in the proposed First Amended Complaint.

Dyrvik was a Managing Director of UBS.  He was also a Managing Director and the Principal Accounting and Financial Officer of Mortgage Asset.  Dyrvik signed registration statements for two of the four securitizations at issue in this action.

*Proposed Amended Version:*

Defendant Per Dyrvik is an individual residing in New Canaan, Connecticut.  At all relevant times, Dyrvik served as a Managing Director of UBS Securities.  He also was a Managing Director and the Principal Accounting and Financial Officer of Mortgage Asset.  Dyrvik signed registration statements for two of the four securitizations at issue in this action.

**Paragraph 123**

*Current Version:*

As Vice President and a Director of CSFB Mortgage, Altabef was involved in the day-to-day affairs of this primary violator.  Altabef also had control over the securitizations at issue, as evidenced by his signature on the registration statements for the following two securitizations:

> TBW Mortgage Pass-Through Certificates, Series 2006-4
>
> TBW Mortgage Pass-Through Certificates, Series 2007-2

*Proposed Amended Version:*

As a Managing Director of CS Securities (one of the Underwriters), Altabef was involved in and controlled the day-to-day affairs of this primary violator.  As Vice President and a Director of CSFB Mortgage, Altabef also was involved in and controlled the day-to-day affairs of this Depositor.  Altabef had control over the

securitizations at issue, as evidenced by his signature on the registration statements for the following two securitizations:

> TBW Mortgage Pass-Through Certificates, Series 2006-4
>
> TBW Mortgage Pass-Through Certificates, Series 2007-2

**Paragraph 128**

*Current Version:*

As Managing Director and the Principal Accounting and Finance Officer of Mortgage Asset, Dyrvik was involved in the day-to-day affairs of this primary violator. Dyrvik also had control over the securitizations at issue, as evidenced by his signature on the registration statements for the following two securitizations:

> TBW Mortgage Pass-Through Certificates, Series 2006-4
>
> TBW Mortgage Pass-Through Certificates, Series 2007-2

*Proposed Amended Version:*

As a Managing Director of UBS Securities (one of the Underwriters), Dyrvik was involved in and controlled the day-to-day affairs of this primary violator. As Managing Director and Principal Accounting and Finance Officer of Mortgage Asset, Dyrvik also was involved in the day-to-day affairs of this Depositor. Dyrvik had control over the securitizations at issue, as evidenced by his signature on the registration statements for the following two securitizations:

> TBW Mortgage Pass-Through Certificates, Series 2006-4
>
> TBW Mortgage Pass-Through Certificates, Series 2007-2

Because discovery has not yet commenced, these amended allegations are based on MassMutual's reasonable independent investigation, which included the retention of a search service and a search of public records.

Under the Court's Order, the amended allegations are sufficient to state a Section 410(b) claim against Defendants Altabef and Dyrvik. Section 410(b) imposes liability on every "partner, officer, or director" of a primary violator, "every person occupying a similar status or performing similar functions," or every person who otherwise controls a primary violator. Mass. Gen. Laws ch. 110A, § 410(b). A managing director of a company, as a senior executive officer, falls within the categories of individuals subject to liability under Section 410(b). In addition, the allegations that Mr. Altabef and Mr. Dyrvik, as Managing Directors, were involved in the day-to-day affairs of an underwriter Defendant and had control over the securitizations at issue, as evidenced by their signatures on the Registration Statements for the securitizations, are independently sufficient to allege control and state a claim. *See, e.g.*, *Goldenson v. Steffens*, 802 F. Supp. 2d 240, 264 (D. Me. 2011) (allegations that a defendant was a managing director were sufficient to allege control; the "title[] alone convey[s] the active participation in the decisionmaking process"). The Court found that similar allegations were sufficient to state Section 410(b) claims against managing directors of other underwriter defendants in related cases addressed in the Order. *See, e.g.*, Order at 35, 46-50; Compl. in *Mass. Mut. Life Ins. Co. v. RBS Fin. Products Inc.*, Case No. 3:11-cv-30044, ¶¶ 13, 180.

MassMutual's proposed amendments should be allowed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which is a "liberal" standard providing that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25-26 (1st Cir. 2007) (under the "liberal standard" of Rule 15(a), the

district court's denial of leave to amend was abuse of discretion). Leave to amend should not be denied unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (absent any showing of undue prejudice, bad faith, or dilatory motive, district court's denial of leave to amend was an abuse of discretion and "inconsistent with the spirit of the Federal Rules"); *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (reversing district court's order denying motion for leave to amend). Although MassMutual does not believe delay is at issue here, delay alone is an insufficient reason for denial of a motion to amend; the opposing party must demonstrate bad faith or undue prejudice. *See Carmona*, 215 F.3d at 136 ("Delay that is neither intended to harass nor cause any ascertainable prejudice is not a permissible reason, in and of itself to disallow amendment of a pleading.") (internal quotation marks and citation omitted); *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 851 (1st Cir. 1970) (18-month delay was insufficient reason for denial of leave to amend).

Defendants Altabef and Dyrvik will suffer no undue prejudice as a result of the proposed amendments because they were named parties at the outset of this action and have been able to participate fully in the action. Nor is there any bad faith or dilatory motive on the part of MassMutual. Prior to the Court's Order, there was no reason to distinguish Mr. Altabef's and Mr. Dyrvik's control over an underwriter Defendant from their control over a non-underwriter Defendant. Now that the distinction between underwriter and non-underwriter defendants has been clarified by the Court, MassMutual is timely moving in good faith for leave to amend the Complaint to make clear that Mr. Altabef and Mr. Dyrvik controlled an underwriter defendant *and* a non-underwriter defendant. Justice requires that MassMutual be permitted to allege Mr. Altabef's and Mr. Dyrvik's true roles, and doing so will not cause any undue delay.

MassMutual respectfully requests that the Court grant this motion and allow it leave to file its First Amended Complaint with the limited amendments described herein.  MassMutual also respectfully requests that the Court reconsider the dismissal of the Section 410(b) claims against Mr. Altabef and Mr. Dyrvik in light of the new allegations.

DATED:  February 29, 2012            EGAN, FLANAGAN AND COHEN, P.C.

                                      By:  /s/ Edward J. McDonough Jr.
                                       Edward J. McDonough Jr. (BBO 331590)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
ejm@efclaw.com;
ses@efclaw.com

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

Mark Roellig (BBO 669117)
Executive Vice President and General Counsel
Bernadette Harrigan (BBO 635103)
Assistant Vice President & Counsel
Eleanor P. Williams (BBO 667201)
Assistant Vice President & Counsel
Massachusetts Mutual Life Insurance Company
1295 State Street
Springfield, Massachusetts  01111
Telephone:  (413) 788-8411
Fax:  (413) 226-4268
bharrigan@massmutual.com;
ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy
Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart
Harry A. Olivar, Jr.
Molly Stephens
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants and the proposed new defendants on this 29 day of February, 2012.

                                      */s/ Edward J. McDonough Jr.*
                                      Edward J. McDonough Jr.