**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>        v.<br><br>CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.; MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.; DLJ MORTGAGE CAPITAL, INC.; UBS REAL ESTATE SECURITIES INC.; CREDIT SUISSE SECURITIES (USA) LLC; UBS SECURITIES LLC; LEE FARKAS; PAUL R. ALLEN; RAY BOWMAN; DELTON DE'ARMAS; DESIREE E. BROWN; ANDREW A. KIMURA; JEFFREY A. ALTABEF; EVELYN ECHEVARRIA; MICHAEL A. MARRIOTT; THOMAS ZINGALLI; DAVID MARTIN; PER DYRVIK; HUGH CORCORAN; and PETER SLAGOWITZ,<br><br>                Defendants. | Civil Action No. 3:11-30048-MAP |

**MASSMUTUAL'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO STRIKE CERTAIN PURPORTED DEFENSES**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

LEGAL STANDARD......................................................................................................................2

ARGUMENT ...................................................................................................................................3

    A.    Credit Suisse's Fifth Defense and UBS's Eleventh Defense That Defendants Neither Owed Nor Breached a Duty Are Inapplicable and Contrary to Section 410 ........................................................................................4

    B.    Credit Suisse's Sixth and Twelfth Defenses and UBS's Twelfth and Nineteenth Defenses That MassMutual "Should Have Known," Had "Constructive Knowledge," or "Assumed the Risk" Assert Defenses That Are Contrary to Law ........................................................................................6

    C.    Credit Suisse's Seventh Defense and UBS's Twentieth Defense Disputing MassMutual's Reliance Are Improper...................................................7

    D.    Credit Suisse's Eleventh Defense and UBS's Seventeenth Defense Purporting to Challenge Loss Causation Are Improper...........................................8

    E.    Credit Suisse's Thirteenth Defense and UBS's Fifteenth Defense That MassMutual Failed to Mitigate Its Damages Are Inapplicable to Section 410 Claims ..................................................................................................8

    F.    Credit Suisse's Twentieth Defense, Which Seeks To Reduce MassMutual's Recovery Based on Fault Allegedly Attributable to Others, Is Contrary to Section 410 ........................................................................................9

    G.    Credit Suisse's Twenty-Third Defense and UBS's Twenty-Sixth Defense (Raising Laches, Estoppel, and Waiver) Are Inapplicable to These Statutory Claims.................................................................................................10

CONCLUSION..............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*In re Access Cardiosystems, Inc.*,
　404 B.R. 593 (Bkrtcy. D. Mass. 2009) ....................................................................................7

*Allapattah Servs., Inc. v. Exxon Corp.*,
　372 F. Supp. 2d 1344 (S.D. Fla. 2005) ...................................................................................3

*DGM Invs., Inc. v. New York Futures Exch., Inc.*,
　No. 01 Civ. 11602, 2004 WL 635743 (S.D.N.Y. Mar. 31, 2004) ..................................2, 7, 11

*FDIC v. Gladstone*,
　44 F. Supp. 2d 81 (D. Mass. 1999) ...............................................................................3, 7, 11

*FDIC v. Pelletreau & Pelletreau*,
　965 F. Supp. 381 (E.D.N.Y. 1997) .........................................................................................3

*In re Gabapentin Patent Litig.*,
　648 F. Supp. 2d 641 (D.N.J. 2009) ................................................................................2, 3, 8

*Go2net, Inc. v. Freeyellow.com, Inc.*,
　143 P.3d 590 (Wash. 2006) ..................................................................................................11

*Jones v. Miles*,
　656 F.2d 103 (5th Cir. 1981) ................................................................................................11

*LeClair v. Norwell*,
　719 N.E.2d 464 (Mass. 1999) ................................................................................................9

*Marram v. Kobrick Offshore Fund, Ltd.*,
　809 N.E.2d 1017 (Mass. 2004) ............................................................... 4, 5, 6, 7, 8, 9, 10-11

*Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*,
　No. 05-C-0020, 2005 WL 1563332 (E.D. Wis. June 30, 2005) ...........................................11

*Owens v. UNUM Life Ins. Co.*,
　285 F. Supp. 2d 778 (E.D. Tex. 2003) ...................................................................................2

*Soc'y of Lloyd's v. Hamilton*,
　501 F. Supp. 2d 248 (D. Mass. 2007) ....................................................................................3

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
　252 F.3d 316 (4th Cir. 2001) ..................................................................................................3

*Zurich Am. Ins. Co. v. Watts Regulator Co.*,
　796 F. Supp. 2d 240 (D. Mass. 2011) ....................................................................................3

**Statutes**

15 U.S.C. §§ 77k(f)(2)(A), 78u-4(f)(2)(B)(i), 78u-4(f)(3)(A)(ii), 78u-4(f)(10)(C)(i) ................... 10

Mass. Gen. Laws ch. 110A, § 410(a) .................................................................................. *passim*

Mass. Gen. Laws ch. 110A, § 410(c) ........................................................................................ 9

Mass. Gen. Laws ch. 110A, § 410(g) ...................................................................................... 10

**Miscellaneous**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
  § 1381 (3d ed. 2012) ............................................................................................................. 3

Roger J. Magnuson, 1 *Shareholder Litigation* § 5:9: Section 12(2) - ............................................ 7

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual" or "Plaintiff") respectfully submits this memorandum of law in support of its motion to strike certain purported defenses asserted by Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and UBS Securities LLC ("UBS," and together with Credit Suisse, "Defendants") in their respective Amended Answers.

## PRELIMINARY STATEMENT

This motion to strike is narrowly targeted to remove from Defendants' Amended Answers a series of boilerplate and legally inapplicable "defenses." The extraneous defenses threaten to complicate this relatively straightforward case and to expand discovery (and perhaps even trial) into irrelevant areas.

The Amended Answers are Defendants' second attempt to plead viable defenses to MassMutual's cause of action against them under Section 410(a) of the Massachusetts Uniform Securities Act. Defendants voluntarily amended their original answers to eliminate or revise certain defenses after MassMutual notified them that it intended to move to strike obviously inapplicable defenses.

Despite the revisions, the Amended Answers are each still reflexively loaded with close to 30 purported defenses, many of which are legally irrelevant to MassMutual's claim. MassMutual asserts just one claim against Defendants for material misrepresentations in the sale of mortgage-backed securities to MassMutual. It is settled law that once MassMutual shows a material misrepresentation, the defenses available to this claim are extremely limited.

To focus this case on its actual issues, and to remove the irrelevant and legally invalid issues Defendants' Amended Answers continue to seek to interject, MassMutual respectfully requests that the following purported defenses, including affirmative defenses, be stricken from the identified parties' Amended Answers: Fifth Defense (Credit Suisse); Sixth Defense (Credit

1

Suisse, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Seventh Defense (Credit Suisse, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Eleventh Defense (Credit Suisse and UBS); Twelfth Defense (Credit Suisse, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Twelfth Defense (UBS, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Thirteenth Defense (Credit Suisse); Fifteenth Defense (UBS); Seventeenth Defense (UBS, to the extent it purports to assert a loss causation defense); Nineteenth Defense (UBS, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Twentieth Defense (Credit Suisse); Twentieth Defense (UBS, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Twenty-Third Defense (Credit Suisse); and Twenty-Sixth Defense (UBS).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Where, as here, a defendant's answer asserts purported defenses that cannot succeed, a motion to strike "serve[s] a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." *DGM Invs., Inc. v. New York Futures Exch., Inc.*, No. 01 Civ. 11602, 2004 WL 635743, at *1 (S.D.N.Y. Mar. 31, 2004) (internal quotations omitted); *see also In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 648 (D.N.J. 2009) (motions to strike "may serve to hasten resolution of cases by eliminating the need for discovery which in turn saves time and litigation expenses") (internal quotations omitted); *Owens v. UNUM Life Ins. Co.*, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003) ("If the determination of invalidity [of an affirmative defense] can

2

be made at an early stage it will enable the parties to proceed with the litigation in the proper posture.").

Courts "possess[] considerable discretion in resolving such a motion." *Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011). Defenses or affirmative defenses are properly stricken when they present no question of law or fact that might allow the defendant to prevail, and would burden the plaintiff or the court by, for example, unnecessarily broadening the scope of discovery or trial. *See In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648; *see also Soc'y of Lloyd's v. Hamilton*, 501 F. Supp. 2d 248, 252 (D. Mass. 2007) (striking extraneous affirmative defenses where the controlling statute "specifically limits the defenses that may be raised"); *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 90 (D. Mass. 1999) (striking defense where "Massachusetts law is clear" that it was not available in given circumstances); *FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 389 (E.D.N.Y. 1997) ("Increased time and expense of trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike."). Further, any defense that "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action" is "particularly vulnerable to a Rule 12(f) motion." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2012). Such defenses "can and should be deleted." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (affirming order granting motion to strike affirmative defense that was invalid as a matter of law); *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005) (same).

## ARGUMENT

MassMutual has asserted a single claim against Defendants for primary liability under Section 410(a) of the Massachusetts Securities Act. *See* Compl. ¶¶ 139-159. This claim has a limited number of straightforward elements.

3

To recover under Section 410(a), MassMutual need only prove that the defendant offered or sold a security in Massachusetts using an untrue statement or omission of a material fact, MassMutual purchased the security from the defendant, and MassMutual did not know of the untruth or omission.  *See* Mass. Gen. Laws ch. 110A, § 410(a)(2); *Marram v. Kobrick Offshore Fund, Ltd.*, 809 N.E.2d 1017, 1026 (Mass. 2004).  Critically, MassMutual's level of sophistication, its reliance or lack of reliance on the misrepresentation or omission, the defendants' degree of scienter, and loss causation or lack of loss causation all are irrelevant.  *See Marram*, 809 N.E.2d at 1025-27.

In light of the above, Defendants may present only a narrow range of defenses available to MassMutual's Section 410 claim.  They may challenge the elements of the claim or raise two statutory affirmative defenses (along with a narrow range of other defenses, if viable, such as statute of limitations or personal jurisdiction, previously argued to the Court).  *See Marram*, 809 N.E.2d at 1027.  For the statutory affirmative defenses, Defendants may seek to prove that MassMutual was actually aware of the misrepresentation or omission or that a defendant did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.  *See id.* at 1027-28.

Despite these limitations, Defendants' Amended Answers include a host of legally invalid defenses that threaten to broaden the scope of discovery and trial.  These improper defenses should be stricken.

### A.    Credit Suisse's Fifth Defense and UBS's Eleventh Defense That Defendants Neither Owed Nor Breached a Duty Are Inapplicable and Contrary to Section 410

For its fifth purported defense, Credit Suisse asserts that "Plaintiff's claims are barred, in whole or in part, because Credit Suisse neither owed nor breached any duty to Plaintiff to disclose information allegedly omitted from the offering documents for TBW 2006-4 and TBW

4

2007-2, and had no duty to verify, opine upon, audit, review or correct such information." Credit Suisse Amended Answer at 21. UBS similarly asserts for its eleventh purported defense that "Plaintiff's claims are barred in whole or in part because UBS Securities LLC neither owed nor breached any duty to Plaintiff." UBS Amended Answer at 24. These defenses should be stricken because the argument that there was "no duty" to make accurate disclosures is foreclosed by Section 410.

Defendants' purely statutory liability is not premised on any common law duty of care or disclosure. Rather, MassMutual has asserted a claim under the Massachusetts Securities Act, which establishes liability for any person who offers or sells a security by means of a false or misleading statement. Mass. Gen. Laws ch. 110A, § 410(a)(2); *Marram*, 809 N.E.2d at 1026. Once MassMutual has shown that there were materially false and misleading statements in the offering materials, it need not prove that Defendants owed it a "duty," and "no duty" is not a valid defense.

Similarly, Credit Suisse's argument that it had "no duty to verify . . . information" is not a valid defense. Section 410(a) makes Defendants liable for false and misleading statements in the offering materials unless they "sustain the burden of proof" that they did not know, and *in exercise of reasonable care could not have known*, of the false or misleading statement. This section therefore imposes a statutory "duty" that Defendants exercise reasonable care in reviewing information in the offering materials to avoid liability. The inapplicable "no duty" defenses should be stricken.

### B. Credit Suisse's Sixth and Twelfth Defenses and UBS's Twelfth and Nineteenth Defenses That MassMutual "Should Have Known," Had "Constructive Knowledge," or "Assumed the Risk" Assert Defenses That Are Contrary to Law

For their sixth, twelfth, and nineteenth purported defenses, Defendants assert that MassMutual "should have known" of the alleged misstatements or omissions, had "constructive knowledge" of the risks of the securities, and "assumed the risks." Credit Suisse Amended Answer at 21, 22; UBS Amended Answer at 25, 26. These defenses are not viable defenses to MassMutual's statutory claims and should be stricken.[1]

Section 410 of the Massachusetts Securities Act makes clear that the only instance in which knowledge on the part of a plaintiff will bar a claim is if a defendant proves that the plaintiff had actual knowledge of the misrepresentation or omission at the time of purchase. *See Marram*, 809 N.E.2d at 1027-28 (Section 410 "preclude[s] recovery whenever a plaintiff [buyer] *actually knows* that a representation is false or knows that existing information has been withheld.") (emphasis added and internal quotations omitted). "Should have known" is not a defense; the plaintiff does not have "any duty to investigate" the truth of any representations made by the defendant. *Id.* at 1025.

Defendants have asserted MassMutual's actual knowledge as a defense in a portion of their sixth, twelfth, and nineteenth defenses. The inclusion of the further purported defense that MassMutual "should have known" or had "constructive knowledge" is contrary to law and improper. Moreover, the inclusion of a defense that MassMutual "assumed the risks" also is improper. Section 410 "was intended to reverse the age-old concept of caveat emptor and

---

[1] MassMutual moves to strike those portions of Defendants' sixth, twelfth and nineteenth defenses that assert MassMutual "should have known" of the misstatements or omissions, had "constructive knowledge" of the risks, or "assumed the risks," none of which is a valid defense.

replace it with the concept of . . . seller beware." *Marram*, 809 N.E.2d at 1026 (internal quotations omitted). There is no basis to argue that MassMutual "assumed the risks." *See id.* at 1025; *see also* Roger J. Magnuson, 1 *Shareholder Litigation* § 5:9: Section 12(2) – Defenses (2011) ("If plaintiff knew of the falsity, of course, he cannot recover. No other defenses based on plaintiff's conduct are permitted. There is no defense of . . . assumption of risk."). The portions of Defendants' sixth, twelfth, and nineteenth defenses that refer to constructive knowledge or assumption of risk should be stricken.

   **C.** **Credit Suisse's Seventh Defense and UBS's Twentieth Defense Disputing MassMutual's Reliance Are Improper**

For their seventh and twentieth purported defenses, Defendants assert that "Plaintiff's claims are barred in whole or in part because . . . Plaintiff did not reasonably or justifiably rely on any alleged misstatements or omissions when purchasing the certificates." Credit Suisse Amended Answer at 21; UBS Amended Answer at 26. These defenses, based on a purported lack of reasonable or justifiable reliance on the part of MassMutual, should be stricken because lack of actual or justifiable reliance is not a defense to claims under Section 410.[2] *See Marram*, 809 N.E.2d at 1026 ("[B]ecause G.L. c. 110A, § 410(a)(2) holds the seller liable for inaccurate disclosure or nondisclosure of material information, '[f]oremost among the elements that the buyer does not have to prove is reliance.'") (citation omitted); *accord In re Access Cardiosystems, Inc.*, 404 B.R. 593, 648 n.81 (Bkrtcy. D. Mass. 2009) ("A plaintiff need not prove reliance on the material misrepresentation or omission to recover for securities fraud under § 410(a)(2)."). The parties should not waste time and resources litigating this legally invalid defense. *See, e.g.*, *DGM*, 2004 WL 635743, at *1; *Gladstone*, 44 F. Supp. 2d at 90.

---

  [2] MassMutual moves to strike the portions of Defendants' seventh and twentieth defenses that assert lack of reasonable or justifiable reliance, which is not a valid defense.

7

## D. Credit Suisse's Eleventh Defense and UBS's Seventeenth Defense Purporting to Challenge Loss Causation Are Improper

For its eleventh purported defense, Credit Suisse asserts that "[t]o the extent Plaintiff has suffered any legally cognizable injury or damages, which Credit Suisse denies, any injury or damages were caused by intervening or superseding events, factors, occurrences, conditions or acts of others and/or other factors and not the alleged wrongful conduct on the part of Credit Suisse." Credit Suisse Amended Answer at 22. In addition, UBS appears to be asserting a loss causation defense as its seventeenth purported defense, which asserts that "Plaintiff's claims are barred in whole or in part because any damages or injuries incurred by Plaintiff were not caused by any act or omission of UBS Securities LLC." UBS Amended Answer at 25.

The Massachusetts Supreme Judicial Court has made clear that loss causation is not an element of or a defense to claims under Section 410 of the Massachusetts Securities Act. *See, e.g.*, *Marram*, 809 N.E.2d at 1025 (Section 410 applies "regardless of the actual cause of the investor's loss."). If MassMutual proves that a security was sold by means of a materially false or misleading statement, it is entitled to recovery, regardless whether its loss was caused by the false or misleading statement, by Defendants' acts, or by some "intervening or superseding events, factors, occurrences, conditions or acts of others." Each of these defenses, which purport to assert an impermissible loss causation defense that threaten to expand the scope of discovery and trial, should be stricken. *See, e.g.*, *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648.

## E. Credit Suisse's Thirteenth Defense and UBS's Fifteenth Defense That MassMutual Failed to Mitigate Its Damages Are Inapplicable to Section 410 Claims

For its thirteenth purported defense, Credit Suisse asserts that "Plaintiff's claims for damages or injury are barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate such damages or injury, which would have prevented its alleged damages or

8

injury." Credit Suisse Amended Answer at 22. For its fifteenth purported defense, UBS similarly asserts that "Plaintiff's claims are barred in whole or in part because Plaintiff had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the facts alleged in the Complaint. Plaintiff failed to comply with that duty and is therefore barred from recovering for any damages for injury that might reasonably have been avoided." UBS Amended Answer at 25. Because Section 410 of the Massachusetts Securities Act sets forth specific formulas for calculating recovery under the statute, a failure to mitigate defense is not available in this case.

Section 410 expressly provides that a securities purchaser is entitled to recover either (i) the consideration paid for the security, plus interest, costs, and reasonable attorneys' fees, less the income received, if the purchaser still owns the security and tenders it (the rescissionary remedy); or (ii) the rescissionary remedy, less the value received upon sale, plus interest from the date of sale, if the purchaser has sold the security. Mass. Gen. Laws ch. 110A, § 410(a)(2). There is no requirement that a securities purchaser "mitigate" these statutory damages. To the contrary, the statute explicitly allows a purchaser to make the decision to tender "at any time before entry of judgment." *Id.* § 410(c). Defendants cannot rewrite an unambiguous statute using a mitigation defense. *See, e.g.*, *LeClair v. Norwell*, 719 N.E.2d 464, 470 (Mass. 1999) ("When statutory language is clear and unambiguous it must be construed as written."). The defense should be stricken.

      **F.**    **Credit Suisse's Twentieth Defense, Which Seeks To Reduce MassMutual's Recovery Based on Fault Allegedly Attributable to Others, Is Contrary to Section 410**

For its twentieth purported defense, Credit Suisse asserts that "Plaintiff's claims are barred in whole or in part because, to the extent that Plaintiff incurred any injury or damages as alleged in the Complaint, which is denied, any such injury or damages were caused and brought

about by the acts, conduct or omissions of individuals and/or entities other than Credit Suisse and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities." Credit Suisse Amended Answer at 24. This defense appears to be imported from the federal securities laws, which in some instances limit a plaintiff's damages by assessing the defendant's proportionate fault. *See* 15 U.S.C. §§ 77k(f)(2)(A), 78u-4(f)(2)(B)(i), 78u-4(f)(3)(A)(ii), 78u-4(f)(10)(C)(i).

The concept of comparative fault is nowhere to be found in the Massachusetts Securities Act. To the contrary, Section 410(a) provides that a seller is liable for the full extent of rescission or damages. The defense, which is contrary to the express terms of the statute, should be stricken.

### G. Credit Suisse's Twenty-Third Defense and UBS's Twenty-Sixth Defense (Raising Laches, Estoppel, and Waiver) Are Inapplicable to These Statutory Claims

For its twenty-third purported defense, Credit Suisse asserts that "Plaintiff's claims against Credit Suisse are barred in whole or in part by laches, equitable estoppel, waiver or other related equitable doctrines." Credit Suisse Amended Answer at 24. UBS's twenty-sixth purported defense similarly asserts that "Plaintiff's claims are barred in whole or in part by the doctrines of laches, equitable estoppel, and other equitable doctrines." UBS Amended Answer at 28. These boilerplate equitable defenses should not be permitted to expand discovery and trial because they are not viable defenses to MassMutual's statutory claims.

Section 410 expressly provides that its remedies cannot be waived. *See* Mass. Gen. Laws ch. 110A, § 410(g) ("Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void."). For that reason, courts have rejected attempts by defendants to assert waiver and equitable defenses, such as equitable estoppel, to blue sky claims. *See Marram*, 809 N.E.2d at

1029 ("[W]aiver by estoppel is waiver defense 'not available in a case involving only violations of Georgia and/or federal securities laws.'") (quoting *Jones v. Miles*, 656 F.2d 103, 106-07 (5th Cir. 1981)); *see also Go2net, Inc. v. Freeyellow.com, Inc.*, 143 P.3d 590, 593 (Wash. 2006) (holding that the equitable defenses of waiver and estoppel were not available under Washington's securities act). Defendants' bare-bones equitable defenses also should be rejected here, because the defenses are invalid, will confuse the issues, and will unnecessarily expand discovery. *See, e.g.*, *DGM*, 2004 WL 635743, at *1; *Gladstone*, 44 F. Supp. 2d at 90; *see also, e.g.*, *Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, No. 05-C-0020, 2005 WL 1563332, at *4 (E.D. Wis. June 30, 2005) ("bare bones" affirmative defenses that are "merely listed without providing a short statement explaining the basis of the defense [are] properly stricken").

## CONCLUSION

For the reasons set forth above, MassMutual respectfully requests that the Court grant its motion to strike the following purported defenses and affirmative defenses (in the identified parties' Amended Answers): Fifth Defense (Credit Suisse); Sixth Defense (Credit Suisse, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Seventh Defense (Credit Suisse, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Eleventh Defense (Credit Suisse and UBS); Twelfth Defense (Credit Suisse, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Twelfth Defense (UBS, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Thirteenth Defense (Credit Suisse); Fifteenth Defense (UBS); Seventeenth Defense (UBS, to the extent it purports to assert a loss causation defense); Nineteenth Defense (UBS, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Twentieth Defense (Credit Suisse); Twentieth Defense (UBS, to

the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Twenty-Third Defense (Credit Suisse); and Twenty-Sixth Defense (UBS).

DATED:  May 9, 2012	EGAN, FLANAGAN AND COHEN, P.C.

        By:    /s/ Edward J. McDonough Jr.
        Edward J. McDonough Jr. (BBO 331590)
        Stephen E. Spelman (BBO 632089)
        Egan, Flanagan and Cohen, P.C.
        67 Market Street, P.O. Box 9035
        Springfield, Massachusetts 01102
        Telephone:  (413) 737-0260
        Fax:  (413) 737-0121
        ejm@efclaw.com;
        ses@efclaw.com

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

        Mark Roellig (BBO 669117)
        Executive Vice President and General Counsel
        Bernadette Harrigan (BBO 635103)
        Assistant Vice President & Counsel
        Eleanor P. Williams (BBO 667201)
        Assistant Vice President & Counsel
        Massachusetts Mutual Life Insurance Company
        1295 State Street
        Springfield, Massachusetts  01111
        Telephone:  (413) 788-8411
        Fax:  (413) 226-4268
        bharrigan@massmutual.com;
        ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Fax:  (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Fax:  (213) 443-3100

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of May, 2012.

                    */s/ Edward J. McDonough Jr.*
                    _____
                    Edward J. McDonough Jr.