**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> RESIDENTIAL FUNDING COMPANY, LLC (F/K/A RESIDENTIAL FUNDING CORPORATION), et al., <br><br> Defendants. | Civil Action No. 3:11-30035-MAP-KPN |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DB STRUCTURED PRODUCTS, INC., et al., <br><br> Defendants. | Civil Action No. 3:11-30039-MAP-KPN |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> RBS FINANCIAL PRODUCTS INC. (F/K/A GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.), et al., <br><br> Defendants. | Civil Action No. 3:11-30044-MAP-KPN |

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

              Plaintiff,

      v.

DLJ MORTGAGE CAPITAL, INC., et al.,

         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:11-30047-MAP-KPN

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

              Plaintiff,

      v.

CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., et al.,

         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:11-30048-MAP-KPN

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

              Plaintiff,

      v.

JPMORGAN CHASE BANK, N.A., et al.,

         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:11-30094-MAP-KPN

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

                   Plaintiff,

               v.

GOLDMAN SACHS MORTGAGE COMPANY, et al.,

                   Defendants.

Civil Action No. 3:11-30126-MAP-KPN

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

                   Plaintiff,

               v.

IMPAC FUNDING CORPORATION, et al.,

                   Defendants.

Civil Action No. 3:11-30127-MAP-KPN

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

                   Plaintiff,

               v.

HSBC BANK USA, NATIONAL ASSOCIATION, et al.,

                   Defendants.

Civil Action No. 3:11-30141-MAP-KPN

## <u>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S MOTION FOR ENTRY OF AN AMENDED PROTECTIVE ORDER</u>

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby moves for entry of an amended Protective Order in the above-captioned actions (the "Actions").  To streamline the massive amount of party and third-party discovery that is ongoing in the Actions, MassMutual requests that an Amended Protective Order be entered that reflects the following limited amendments to the Protective Order entered on December 21, 2012:

- An amendment to Paragraph 9(a) to allow disclosure of confidential information to due diligence firms that have had prior access to the very same information so as to enable them to locate relevant documents.

- Replacement of the existing Exhibit A to the Protective Order (Agreement To Be Bound by the Protective Order) with a simplified Exhibit A that numerous Defendants in these Actions, including all corporate Defendants, have previously agreed to in the *Federal Housing Finance Agency* ("*FHFA*") actions.

- An amendment to Paragraph 9 to allow discovery materials produced in the Actions to be accessed or used in MassMutual's pending action against Countrywide Financial Corporation and certain Defendants, sent for pre-trial purposes only to the Central District of California, and vice versa.

A copy of the existing Protective Order showing MassMutual's proposed amendments in redline is attached hereto as Exhibit 1, and a clean copy of MassMutual's proposed Amended Protective Order is attached hereto as Exhibit 2.  Counsel for MassMutual and Defendants met and conferred beginning on March 30, 2013 regarding MassMutual's proposed amendments to the Protective Order, and Defendants refused to consent to the proposed amendments.

A.     **Due Diligence Firms with Prior Access to Confidential Information Should Have Access to That Very Same Information Under the Protective Order**

MassMutual requests amendment of Paragraph 9(a) of the Protective Order, which identifies authorized recipients of confidential information, to authorize disclosure of Non-Party Borrower Information[1] to due diligence firms that conducted diligence on the securitizations or

---

[1]   Non-Party Borrower Information is defined in Paragraph 1(c) of the existing Protective Order and includes "personally identifiable" loan information, such as borrower names and property addresses.  MassMutual also requests that "loan number" be deleted from the definition

mortgage loans at issue in the Actions (or such firms' successors) for the purpose of assisting

them in locating relevant documents.  With the amendment in place, these firms would be

authorized to receive Non-Party Borrower Information related only to the mortgage loans that

were subject to their diligence for which they previously received Non-Party Borrower

Information.

Authorized disclosure of this information is necessary to facilitate third-party discovery.

In underwriting the securitizations at issue, Defendants used due diligence firms to conduct

reviews of the mortgage loans included in the securitizations, and the information these third-

party firms possess is relevant to both Defendants' due diligence affirmative defense and

MassMutual's misrepresentation claims.  To date, Defendants have identified approximately 25

separate due diligence firms, and MassMutual is the only party in the Actions to have served

subpoenas on these firms.  Many of these firms require Non-Party Borrower Information related

to the mortgage loans they reviewed to locate relevant documents.  The Non-Party Borrower

Information has routinely been marked "Confidential" by Defendants (or, in certain cases, by

third-party securitization trustees), and under the existing Protective Order, MassMutual must

request and obtain written consent of Defendants and/or the trustees on a case-by-case basis

every time such information needs to be disclosed in connection with any subpoena.  This will

substantially slow down discovery with respect to these important third parties (even assuming

that Defendants' or the trustee's consent can be obtained in each case).

---

of Non-Party Borrower Information because a loan number is neither personally identifiable nor
confidential.  *See, e.g.*, Declaration of Molly Stephens, filed concurrently herewith ("Stephens
Decl."), Ex. A ¶ 1 (Nov. 19, 2012 Order in *FHFA* actions holding that loan numbers are publicly
available and not confidential), Ex. B (example loan schedule publicly filed with the SEC
disclosing loan numbers).

There is no reason to impose such obstacles on third-party discovery, particularly given that the due diligence firms and their successors to whom MassMutual would provide Non-Party Borrower Information already have access to the Non-Party Borrower Information through their possession of their own documents related to the prior reviews of mortgage loans.  The Protective Order recognizes that parties with prior access to confidential information, including individuals who previously prepared or received a document and any non-party reasonably believed to have originated a mortgage loan at issue in the Actions or to be in possession, custody, or control of a loan file, are authorized recipients of confidential information.  *See* Protective Order ¶¶ 9(a)(xii) (individuals), 9(a)(xiii) (originators or loan file custodians).  Due diligence firms are no different from these other parties that had prior access to the very same confidential information at issue.

Defendants have agreed in principle that due diligence firms are authorized recipients of Non-Party Borrower Information.  But they have insisted on limiting language that would authorize disclosure of such information to a diligence firm only if the firm both performed the due diligence *and* is reasonably believed to be in current possession, custody, or control of the relevant documents.  Defendants' language would inexplicably prevent disclosure of information to a corporate successor of a due diligence firm, where the successor has current possession of all relevant documents and all relevant confidential information but did not "perform" the diligence.[2]  Defendants themselves recognized the problem created by the attempted limitation in the context of loan originators, agreeing that Non-Party Borrower Information could be disclosed to the entity that originated a mortgage loan *or* the entity reasonably believed to be in current possession, custody, or control of the loan file.  *See* Protective Order ¶ 9(a)(xiii).  There is no

---

[2]   An example of such a firm is LPS Credit Risk Solutions, LLC, the successor to Watterson Prime, LLC.

reason to treat diligence firms differently.  Any firm that conducted the diligence review or possesses the diligence documents has had prior access to Non-Party Borrower Information and should be an authorized recipient of the information for the purpose of allowing it to locate relevant documents.

> **B.** **Exhibit A to the Protective Order Contains Inconsistencies and Should Be Simplified**

MassMutual also requests amendment of Exhibit A to the Protective Order, which provides the form of Agreement To Be Bound that certain non-parties must execute prior to receiving confidential information.

After certain Defendants in the action *MassMutual v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Case No. 3:11-cv-30285, insisted that due diligence firms execute Exhibit A prior to receiving confidential information they already possessed (Defendants later withdrew that request in response to MassMutual's objection), MassMutual determined that Exhibit A was drafted without these types of parties in mind.  The existing Exhibit A contains provisions that are more onerous than the terms of the Protective Order itself, are likely to be objectionable to such parties, and should be eliminated.   Such provisions include the following:

- Paragraph 7 of Exhibit A requires a receiving party to use confidential information only in connection with the Actions, without exception.  This is inconsistent with the Protective Order, which provides that where a receiving party has legitimately received the information through other means, as in the case where a third party has already received confidential information as a result of its business, there is no such restriction.  *See* Protective Order ¶ 18.

- Paragraph 8 of Exhibit A obligates the signatory to return all confidential information, without qualification, regardless of whether the signatory already had the confidential information in its possession.  This is inconsistent with various provisions of the Protective Order, including (i) provisions allowing certain signatories of Exhibit A to retain copies of confidential information, Protective Order ¶¶ 9(c) & 10; (ii) provisions authorizing those with prior access to confidential information to retain it, *id.* ¶ 18; and (iii) provisions authorizing destruction of confidential information.  *Id.* ¶ 20.

To make Exhibit A consistent with the Protective Order and to simplify it for third parties, MassMutual has proposed to substitute the existing Exhibit A with the identical Exhibit A that almost all of these same Defendants agreed to in the *FHFA* actions. *Compare* Ex. 1 (the proposed new Exhibit A) *with* Stephens Decl. Ex. C (the Exhibit A these Defendants agreed to in *FHFA*) *and* Ex. D (same). The proposed new Exhibit A states simply that the signatory has read the Protective Order, agrees to abide by its applicable terms, and submits to the jurisdiction of the District of Massachusetts for enforcement of those terms. *See* Ex. 1.

Again, Defendants have not articulated any legitimate reason for objecting to the amended Exhibit A. Nor can they reasonably do so; numerous Defendants, including all of the corporate Defendants, already agreed in the *FHFA* actions that the proposed new Exhibit A was sufficient to protect their confidential information. Defendants' only argument seems to be that MassMutual is somehow "estopped" from fixing Exhibit A because it proposed the current Exhibit A in its original, problematic form. This argument obviously makes little sense; the original Exhibit A was drafted with the understanding that experts would be the primary signatories. Now that Exhibit A may be required for a much broader group of non-parties in possession of important documents, there is no "estoppel" or other bar to simplifying Exhibit A in a way that is consistent with the terms of the Protective Order and that will facilitate third-party discovery.

### C.      Materials Produced Under the Protective Order in These Actions Should Be Shared in the Action Temporarily Sent to California and Vice Versa

Finally, MassMutual requests amendment of Paragraph 9 of the existing Protective Order (which currently permits documents produced in any Action to be accessed and used in any of MassMutual's other actions pending in the District of Massachusetts relating to its purchases of residential mortgage-backed securities) to include MassMutual's action temporarily sent to the

Countrywide multi-district litigation in California for pre-trial purposes (the "Countrywide Action"). This third proposed amendment will streamline discovery because many of the same documents produced in this Action will be relevant in the Countrywide Action and vice versa. Indeed, the agreed Proposed Schedule in the Countrywide Action requires MassMutual to make all of its own productions in these Actions available to defendants in the Countrywide Action by May 10, 2013. An agreement that allows reciprocal document sharing will prevent the parties from having to undertake the burden of re-requesting and re-producing the same documents in multiple actions.

Defendants have objected to this amendment because the Countrywide Action is pending in "another federal district." But the same Federal Rules of Civil Procedure apply to the Countrywide Action, which will return to the District of Massachusetts for trial, and the same protective order provisions have been proposed in that case. In any event, any documents produced in the Actions and accessed in the Countrywide Action will still be governed by the Protective Order entered by the District of Massachusetts. The third proposed amendment will streamline discovery by eliminating the requirement that the same document be produced multiple times to the same attorneys and parties in multiple actions.  Defendants have no legitimate objection.

## Conclusion

For the foregoing reasons, MassMutual respectfully requests that the Court enter the Amended Protective Order, as set forth in Exhibit 2, which includes the proposed amendments discussed above.

DATED:  April 19, 2013

MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY

By:  *John J. Egan*

John J. Egan (BBO 151680)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
jje@efclw.com; ses@efclaw.com

Of counsel:
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac vice*)
Jennifer J. Barrett (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac vice*)
Harry A. Olivar, Jr. (admitted *pro hac vice*)
Molly Stephens (admitted *pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 19th day of April, 2013.


*/s/ John J. Egan*

_____

John J. Egan